FARRELL v. TOWN OF NORTH SALEM et al.

(Supreme Court, Appellate Division, Second Department.   June 10, 1910.)

HIGHWAYS (§ 187*)—INJURIES FROM DEFECTS.

Where the state, in improving a road, raised the grade above that of an intersecting town highway, and made an embankment extending for a considerable distance along the highway for the purpose of an approach, such embankment was part of the highway, and for injuries occurring thereon through lack of barriers at the sides the town was liable.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 187.*]

Appeal from Westchester County Court.

Action by Mary T. Farrell against the Town of North Salem and others.   From a judgment for plaintiff, and from an order denying a new trial, defendant Town of North Salem appeals.   Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Frank L. Young, for appellant.

John R. Bushong (William R. Condit and Charles Everett Moore, on the brief), for respondent Farrell.

CARR, J.   The plaintiff has recovered a judgment for personal injuries against the defendant town, based upon the alleged negligence of the town in failing to maintain a public highway in a reasonably safe condition for travel.   It appears that on the night of the accident the plaintiff was an occupant of a carriage which had been driven along the "State Road" in a neighborhood in the town of North Salem known as the "Turk Hill section."   This road itself was undergoing improvement by the state under chapter 115 of the Laws of 1898 as amended.   As the carriage came to an intersecting road, known as the "Ridgefield Road," and which was under the jurisdiction of the defendant town, it turned into the Ridgefield Road, and about 90 feet away from the corner of intersection it met with an accident, in which the plaintiff was injured.   It appears that the "State Road" had been so improved that its grade was raised above that of the intersecting road, and that for the purposes of access the state made an embankment from the side of the "State Road," descending into and along the intersecting Ridgefield Road for a considerable distance.   This embankment, which was permanent, had no protecting barriers to prevent travelers from losing their way in the nighttime and falling over its sides.   The proof of the plaintiff was that the horse and carriage in question, while being driven with ordinary care, fell over the embankment about 90 feet away from the "State Road."

If the defendant town had any duty to the public with relation to the condition of the highway at the place of the accident, the judgment should stand, as all questions of negligence and contributory negligence were submitted properly to the jury, and the verdict is not against the weight of evidence, nor excessive in amount, according to the proof.   A reversal of this judgment is sought on the ground that the town is not liable to the plaintiff, on the theory that the place of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the accident was a part of the "State Road," and our recent decision in Scott v. Town of North Salem, 122 N. Y. Supp. 497, is cited in support of the contention. In that case, the question was one of pleading only, and this court held that the complaint did not state a cause of action, because, as this court construed the complaint, the accident there in question was stated to have occurred on the "State Road" while in process of improvement under the statute above cited. The proofs taken in this trial show the occurrence of the accident, not on the "State Road" itself, but on the Ridgefield Road, and the question of liability presented is not covered necessarily by our previous decision.

We think that the embankment from which the carriage fell, though constructed by the state, was in all respects a part of the intersecting Ridgefield Road, and under the jurisdiction and care of the town. The fact that the state constructed it for the purpose of access to the "State Road" did not make it any the less a part of the Ridgefield Road, on which it was located. The record on appeal shows that there was no misunderstanding at the trial as to the place where the accident actually occurred, and no objections were made as to the proofs offered by the plaintiff as to where it happened. So far as it may be necessary to amend the complaint to state more definitely the place of the accident, the defendant can suffer no real injury by the allowance of such amendment to conform with proofs given without objection.

Apart from the question of contributory negligence urged by the appellant, and which was disposed of by the jury, the sole ground of appeal is that the highway at the exact place of the accident must be deemed a part of the "State Road," and not, at that time, under the jurisdiction of the town. As before stated, we think this contention is not correct, and an affirmance of this judgment is not in conflict with the views expressed in Scott v. Town of North Salem, ut supra.

The motion to amend the complaint to conform with the proofs is granted, and the judgment and order denying the motion for a new trial are affirmed, with costs. All concur.